(SUPREME COURT.)

Jackson *ex dem.* Smith *against* Hammond.

ALBANY,

Jackson
v.
Hammond.

Our statute of 1784, enabling churches, &c. to incorporate themselves, does not enable them to take lands by a devise.

ISRAEL SMITH, being seised in fee of the premises in question, by his will of the 21st *July*, 1774, devised them " to the trustees of the town of *Brookhaven*, and their successors for ever, upon trust and confidence, and to the intent and purpose that they did, and should, after his decease, rent and hire the same to any person at their will, and pay the rents and hires thereof, after the expiration of the time, during which the same should be legally charg- ed and incumbered with the lawful maintenance and dower of his wife, into the hands of the regular mi- nister and other ruling officers for the time being of the *Baptist Church* of *Christ* at———." The testator died on the 1st *November*, 1780, and his widow about ten years thereafter.

The trustees of the *Baptist Church* had, from the death of the widow, received the rents and profits of the premises, and the defendant, at the time of the commencement of the suit, held the premises under them. The lessor of the plaintiff was heir to the testa- tor. The trustees of the town of *Brookhaven* were, at the time of making the will, and then were a cor- poration capable to take and hold lands. The ques- tion was, " is the plaintiff entitled to recover?"

*Per Curiam,* delivered by BENSON, J. By the law of *England,* and which, as such, became the law of the colonies, lands were devisable in virtue only of the statute of *Henry VIII.* commonly known as the *statute of wills.* *Special* customs were excep- tions to the common or *general* law ; but, being *local,* they formed no part of our law, and the right or

U u

ALBANY.

Jackson
v.
Hammond.

power to devise, granted by the statute, being expressly limited or restricted from extending to a right or power to devise to *corporations*, the devise in the will of *Israel Smith* to the trustees of *Brookhaven*, ought, therefore, to be adjudged void; so, that on his death the lands descended to the lessor of the plaintiff as his heir at law. This must be admitted, unless, as is contended for on the part of the defendant, by our statute of the 6th *April*, 1784, enabling *churches*, &c. to incorporate themselves, they are *constructively*, with respect to lands possessed or held by them, *at the time of their incorporation*, made capable to take by *devise ;* and that, to that end the incorporation is to *relate* to the death of the testator, so as to overreach the rights of all others claiming under him.

It must be acknowledged, that if the words *devised* and *devise* in the 4th section, had either been wholly omitted, or if in the sentence in which they are found, they had been made *expressly* to refer only to *goods* or *chattels*, there would not then have been a possible ground for a *constructive* capacity in these *corporations* to take and hold *lands* also by devise ; the question, therefore, between the parties may be more precisely stated to be, whether the construction contended for is *necessary*, in order to satisfy these words, or to give them their requisite due sense and meaning, considered as predicates or relatives, and the words *lands, tenements, hereditaments, goods and chattels* considered as subjects or antecedents.

The rule *reddenda sunt singula singulis* is obviously applicable in this case, and by a transposition, equally obvious, the sentence may be made to read " all temporalities, whether the same consist of lands, tenements, hereditaments, goods or chattels *given* or

ALBANY.

Jackson
v.
Hammond.

*granted,* or of goods or chattels *devised,*" &c. whereby a perfect, although a less extensive sense and meaning, will be given to the word *devised,* and its concomitant *devise,* and the sentence will be rendered consistent both with itself and with law, and especially with the concluding sentence in the section, " that the trustees shall hold the *church* and *lands* thereunto belonging, by whatsoever name or person the same were purchased or had, or to them given or granted, *in as full a manner as if they had been legally incorporated, and made capable to take, receive, purchase, have, hold, use and enjoy the same.*"

The only manner in which, had they been incorporated, they were capable of taking, &c. being by *gift* or *grant,* and not by *devise,* it is, therefore, not unworthy of notice, that in the latter sentence the word *devise* is omitted, and the words, *given or granted* only used, to which may be added, that if the construction contended for by the defendant is to obtain, then this consequence will follow, that the legislature must be supposed to have intended to give to a *church* a capacity to *hold* lands *taken* or acquired as it were *before* their incorporation, and refuse to them a capacity to *take* and consequently to hold lands acquired after their incorporation, and without a reason for the discrimination ; for, whether the acquisition was *before* or *after* the incorporation, or whether it was by *gift* or *grant* or by *devise,* was immaterial, as long as the value was within the sum limited by the statute.   As to the argument deduced from the expression in the statute, " although such gift, grant or devise may not have *strictly* been agreeable to the *rigid* rules of law," and that the restriction or limitation in the statute of wills from devising to *corpora-*

*tions* is to be considered in the nature of a *strict* or *rigid* rule of law, and therefore intended to be dispensed with by these provisional expressions, it would be sufficient to observe, that it is only colourable at best.

I will, however, in answer, state, that if the will in the present instance had, after the possession and incorporation of the *Baptist church*, the *cestui que trust* in it, been discovered to have been attested by only *two* witnesses, the heir at law would be entitled to recover the lands; this I assume, as unnecessary to be demonstrated, and therefore, if the expressions cited were not competent to *cure* a mere *imperfection* in the devise, surely they must be less so wholly to *create* a devise; if they must yield to the rule, and of questionable utility in the statute of frauds, much more must they yield to the rule confessedly highly provident in the statute of wills. I will only add, that supposing the statute of Henry VIII. never to have passed, and that we had not had, as was the fact, any statute of wills of our own, till the present one of 1787, would the incorporating statute now under consideration, in such case have been deemed *impliedly* to *alter* the common law, so far as to give a right to *devise* to a *church*, congregation, or other religious society only? if not, and the statute of Henry VIII. having passed, and with the *express* restriction or limitation already mentioned, should we now, therefore, decide for the defendant, will it not follow from the decision, that terms less explicit and less forcible will suffice for an *implied* enlargement or extension of an *express* restriction or limitation in a grant of a right or power, than for an *implied* right or power, no otherwise to be considered as prohibited, except as

it hath never been *positively* granted ?    Where shall we find the rule or principle for the difference in this respect in the two cases ?    My opinion is that the words *devised* and *devise* in the statute, refer only to *goods and chattels*, and that to make them refer also to *lands, tenements, and hereditaments*, would be a construction too extensive to be warranted by law, and consequently that there must be judgment for the plaintiff.

Judgment for the plaintiff accordingly.