JYotiJ.

dissenting. — This was an action on a policy of .insurance on the ship John “at and from Charleston to Mar *390 seilles, and from thence to Havanna, for this present voyage; beginning the adve ture upon the said vessel as aforesaid, and so shall continue and endure during the voyage aforesaid, &c. safe at Charleston, intended to sail in about three days, &c. dated, Charleston August, 1818.” A policy was effected the same day between the same parties on goods, (sugar and logwood,) “ at and from Charleston to Marseilles, beginning the adventure upon the said lawful goods and merchandize from and immediately following the boarding thereof on board the said vessel at Charleston aforesaid, &e,” The vessel arrived safe at Marseilles, but was lost on her return voyage to Havana. It appeared in evidence that the vessel had actually cleared out at Havana for Marseilles previous to the insurance and had merely touched at Charleston for orders, bul had not entered nor cleared out from that port. The jury found a verdict for the plaintiff and this was-a motion for a new trial or fo'< a nonsuit on the following grounds. (Here his honor repeated the grounds heretofore stated.)
A policy of insurance like every other instrument of writing must be construed according to the natural and obvious meaning and import of the words. The words of this policy imply that the vessel was at the time of insurance at Charleston. It cannot be inferred from the face of the policy that the voyage was to commence, or that the cargo was to be taken in there, but merely that the adventure was to commence at thatplace. The vessel was there at the time, and the warranty therefore was true. In Kimble vs. Brown, 1 Caines, 80.it is said, if ashipbeattheplaceinsafetyatthetime the policy was subscribed, it cannot be material where she' was prior to that day. That is precisely the case here. The vessel was atCharleston in safety at the time the adventure or the risk commenced, and, therefore, it could not be material where she was before In the case of Hull vs. Cooper, 14 East, 479, it wat held that a policy at and from a particular place did not. even imply that she was there at the- *391 time, bat that she would shortly be there, and that her not being there was not such a deception as would vacate the policy, unless the risk was thereby increased, which was a question of fact for the jury. The case of Spitta vs. Woodmas, appears to be very obscurely reported. The ground of discussion is not distinctly stated in the opinion of the court. But enough can be collected from it to satisfy us that the discussion can have no influence on this case. The action appears to have been on two policies on the ship Daniel and Frederick^ “at and from Gottenburgh,” on specific goods, &c. beginning the edventure on the said goods from the loading thereof on board the said ship, (not saying where.) The goods had been put on board at London before the first of Aprilj 180S. The declaration averred that on the 8th May following, the ship in the policy mentioned with the goods on board thereof as aforesaid was in good safety at Got-tenburgh. The exception taken was that the words “ at and from Gottenburgh, beginning the adventure on the said ship,” must mean on board the said ship at Gottenburgh, as no other place was mentioned. If that were the true construction oí the policy, then it could never have attached, because the event never occurred, as no goods were laden at Gottenburgh. If that were not the true construction of the policy and it was the intention to aver that the goods ■were laden at Gottenburgh, then the proof did not support the declaration It does not appear from the decision upon which ground the judgment of the court was founded: but it is apparent that the motion must have succeeded upon one or the other. No such objection arises in this case, because the vessel was at Charleston as the policy states and the declaration avers. The case of Robertson & Thompson vs. French (4 East. 130,) turned upon the words of the policy. Ip that case the insurance was upon both the vessel and goods, “ beginning the adventure upon the said goods from the loading thereof on board the said ship &c. on the coast of Brazil” and upon the ship &c. in the same manner. It appeared in *392 evidence that the goods had been shipped at the cape of Good Hope and not on the coast of Brazil. The plaintiff obtained a verdict and a rule was obtained for setting aside the verdict and entering a nonsuit on two objections. The second is the only one which is necessary to notice; which was, that the policy never attached, the adventure on the cargo being by the terms of the policy made to commence “ from the loading of the goods, on board the ship on the coast of Brazil,” an event which never happened, in as muchas the goods were not loaded there, but at the cape of Good Hope; and that as the adventure on the ship was by the terms of the policy made to commence “ in the same manner,” with that on the goods it could, of course, have no commencement if that on the goods never attached. The objection was sustained on the ground “ that the adventure could only attach on goods and and ship, after loading of goods had taken place on the coast of Brazil.” The case of Langhorn vs. Hardy (4 Taunton 628,) dependent upon the same principle. The case now under consideration is upon a separate policy on the ship alone, not at all depending upon the terms of the policy on the goods. If this policy had contained the words, “ from and immediately after the loading of the said goods on board the said vessel at Charleston,” it would have come within the cases of Robertson & Thompson vs. French, and Langhorn & Hardy, but containing no such provision it must be construed without any reference to the policy on the goods. The case of Hormyervs. Lushington (15 East 46) is a stronger case than this. In that case, a single policy wa$ affected on both goods and ship; (not a separate policy on eachj at and fromGottenburgh to Riga, beginning the adventure on the goods from the loading thereof on board the said ship at Gottenburgh. It appeared that the goods were laden on board the ship in the port of London. It was held that the policy on the goods never attached, and a proportional return of the premium was allowed. The principle settled in all the cases is this: That were the being therp *393 adventure to commence after the loading of the goods at any particular place and it shall appear that they had been previously laden at some other port, the policy cannot attach, because the event has not occurred. And if the policy on. the vessel depends upon the same event, it will receive the same construction. But when it has relation to the goods alone, it cannot affect the policy on the ship. (See Richards vs. the Marine Insurance Co. 3 Johnton's Rep. 307. Graves & Scriba vs. the same, 2 Caines 338.) Goods may be damaged between the port where they are laden, and the port a't and from which the risk is to commence; any other construction, therefore, would subject the underwriters to loss not covered by the policy. And if that is the construction where ship and goods are both embraced in the same policy, how much more strongly will the rule apply where there are separate policies on' the ship and goods, and the particular clause which gives construction to the contract upon the goods; is omitted in that upon the ship? 1 do not find any-case where the words at arid from have been held to imply the commencement of ¡the voyage. I am of opinion, therefore, that there was no breach of warranty in this case.
With regard to the second point, it was my opinion that the fact of the voyage having commenced at Havana, and the ship was now about to sail with the original cargo on board, were materal facts which might have increased the risk, and ought, therefore, to have been disclosed at the time the offer was made; and it was upon that ground that I thought a new trial ought to be granted, on a former- motion; but it all depended upon the fact, whether the risk was thereby incurred; and that was a question for the consideration of the jury. (Hull vs. Cooper 14 East 479.) And although I still think the testimony very strong on that point* yet as there have been two concurrent verdicts' in favour of the plaintiff I do not think that ym ought again to interfere.
But whether material or not, if all the facts were, known to the underwriters, it would not affect the policy. And *394 whether their knowledge was derived from the insured of from any other person was not material: It is not necessary to disclose what the insurers may have learned from any othef source. (Philips 104. 1 Caines 489.) And whether they were acquainted with the facts or not, was a question for the jury. There was no*error, therefore in' the charge of the judge on that.point.
Prioleau and Toomer, for the motion.
Hunt and Memminger, contra.
On the last point, I have already expressed my opinion. It was a question of fact for the jury and ivas yery properly left to their consideration. I would also further observe that this court can never form as correct an opinion of* evidence as the judge who receives it immediately from the lips of the witnesses. And the presiding judge expresses himself perfectly satisfied with the verdict in this case.